NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3341
_____

FU CHEN,
                                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 094-917-761)
Immigration Judge: Honorable Annie S. Garcy

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2010
Before: SCIRICA, SMITH and WEIS, Circuit Judges
(Opinion filed: May 21, 2010)


_____

OPINION
_____

PER CURIAM.


**I.**


Petitioner Fu Chen seeks review of the Board of Immigration Appeals'

("BIA") final order of removal. In its order, the BIA affirmed the Immigration Judge's

("IJ") decision to deny Chen's application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We will deny the petition.

**II**.

Chen, a native and citizen of China, entered the United States in October

2006 and was subsequently charged with removability pursuant to INA §

212(a)(7)(A)(i)(I). In turn, Chen applied for asylum, withholding of removal, and CAT

protection, alleging that he experienced past persecution and fears future persecution in

China because he is a practitioner of Falun Gong.

In July 2007, following an administrative hearing, the IJ denied Chen's

application for asylum, concluding that there were significant unexplained inconsistencies

between his credible fear interview and his asylum application and hearing testimony.

Specifically, at his credible fear interview, Chen told an asylum officer, via an interpreter,

that he was arrested in 2006 (shortly before he fled the country), for posting fliers which

contained information about Falun Gong. Chen further stated that he hung the fliers in

exchange for money so that he could purchase medication for his mother, not because he

was a supporter of Falun Gong. In contrast, Chen stated in his asylum application and

testified before the IJ that he hung the fliers in 2006 because he supported Falun Gong,

not as a means to make money. In addition, Chen testified at his merits hearing that he

had been assaulted in 2003 for having publically stated that Falun Gong is a "good thing."

2

Chen did not disclose this incident during his credible fear interview despite having been asked by officials if he had ever been arrested in China.

Chen appealed the IJ's ruling to the BIA and, in July 2009, the BIA denied the appeal, finding no error in the IJ's adverse credibility ruling. Chen filed a timely petition for review in this Court.

**III**.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F. 3d 215, 222 (3d Cir. 2004). We review factual findings, including adverse credibility determinations, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). An adverse credibility finding must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." Berishaj v. Ashcroft, 378 F.3d 314, 322 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Because Chen filed his application for relief after the enactment of the REAL ID Act of 2005, the BIA's credibility determinations are governed by the Act. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Under the REAL ID Act, an IJ may base her credibility determination on observations of the applicant's demeanor, the plausibility of the applicant's story, and on the consistency of the applicant's statements.

See INA § 208(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).

**III**.

Chen argues that the inconsistencies between his credible fear interview and his asylum application and testimony are minor, and therefore insufficient to uphold the IJ's credibility assessment. (Pet. Br. at 17.) We have previously held that inconsistencies between an airport statement and an asylum seeker's testimony before an IJ are not sufficient, standing alone, to support a BIA finding that a petitioner was not credible. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 159 (3d Cir. 2005).

In this case, however, the IJ did not rely on a statement taken at the airport, which Chen was not asked to provide, but instead relied on discrepancies between Chen's later credible fear interview and statements that he made in support of his asylum application. The record reveals that the credible fear interview was a detailed question and answer session which occurred with a Mandarin interpreter present and took place several weeks after Chen arrived in the United States. We conclude that the particular concerns that we had in Fiadjoe about an IJ's reliance on an airport statement are not present in this case. See id. ("[An airport] interview is likely to be hurried; language difficulties arise; the results may be inaccurately recorded, and an arriving alien who has suffered abuse in his home country may be reluctant to reveal full information in his or her first meeting with the government.")

4

Furthermore, Chen failed to adequately explain the inconsistencies between his statements, and, contrary to his assertions in his brief, the inconsistencies are not minor.[1] The basis for Chen's asylum application is that he experienced past persecution and fears future persecution because he is a practitioner of Falun Gong. However, during his credible fear interview, Chen told officials that he left China because the police attributed Falun Gong to him for having hung fliers on the subject, but that the reason he hung the fliers was to make money. (A.R. 283-88.) We agree with the BIA that such an inconsistency goes to the heart of Chen's application for relief. Accordingly, we conclude that substantial evidence supports the IJ's adverse credibility determination.

Because Chen did not meet his burden of proof as to his asylum claim, his claim for withholding of removal necessarily fails, as does his claim for protection under the CAT. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008). We will deny the petition for review.

5

---

[1] In any event, the REAL ID Act permits credibility determinations based on, inter alia, inconsistencies that do not go to the heart of the alien's claim. See 8 U.S.C. § 1158(b)(1)(B)(iii); Chukwu v. Att'y Gen., 484 F.3d at 189. We have not applied the REAL ID Act standard in a precedential opinion. Here, because the inconsistencies identified by the IJ relate to the heart of Chen's claim for relief, and would thus support an adverse credibility determination even under the pre-REAL ID Act standard, we need not consider whether 8 U.S.C. § 1158(b)(1)(B)(iii) is consistent with due process. See Wang v. Holder, 569 F.3d 531, 538 (5th Cir. 2009) (canvassing the provision).